## 19270

Robert Lee CAMPBELL, Appellant, v. The STATE of South Carolina, Respondent.

(182 S. E. (2d) 883)

*William S. Derrick, Esq., Derrick and Derrick,* of Marion, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *John P. Wilson, Asst. Attys. Gen.,* of Columbia, *for*

476

August 18, 1971.

BUSSEY, Justice:

This proceeding was commenced on the 12th day of May, 1969, shortly subsequent to the enactment of the Uniform Post-Conviction Procedure Act, now codified as Secs. 17-601, *et seq.* Appellant's petition, prepared without the benefit of counsel, sought a writ of habeas corpus. Counsel was subsequently appointed for the petitioner and the appeal is from an order denying the petitioner any relief after a full hearing. Both counsel and the court below have considered the matter without mention of, or regard to, the Uniform Post-Conviction Procedure Act. Regardless, however, of the form or nomenclature of the particular proceeding, we are convinced that there is no merit in the appeal.

The Petitioner and one Eddie Carroll Lester were charged with armed robbery of a motel. Lester pleaded guilty and testified against his co-defendant, who was convicted by a jury and sentenced to a term of eight years. The petitioner Campbell at the time of his trial in 1968 was thirty-two years of age. He had been personally known all of his life to Deputy Sheriff Marvin Hennecy of Marion County who, with Mr. Anderson, a SLED agent, was investigating the robbery. From a description given by the victim, Campbell was regarded as a prime suspect by Deputy Hennecy and the two officers were proceeding to Campbell's home for the purpose of questioning Campbell when they met him on the street. They stopped him and in the automobile driven by Campbell

at the time there was in the glove compartment an automatic pistol and upon the floor in the front of the car there was a bank money bag full of Camel cigarettes, said bag and cigarettes having been taken in the course of the robbery at the motel. The officers then had neither an arrest warrant nor a search warrant. Campbell was taken to jail and the officers then proceeded to secure a search warrant and to search Campbell's bedroom where they found other articles and a considerable sum of money taken in the course of the robbery.

Upon the trial and in this proceeding Campbell contends that there was an illegal search of and seizure from his automobile and that the articles produced upon the search of his home were the poisoned fruit of an illegal search of his automobile, even though the warrant to search his home was otherwise valid. It should be mentioned at this point that upon the trial the State did not offer in evidence the pistol taken from the car, and offered the money bag and cigarettes in evidence only after counsel for the accused had cross-examined a State's witness thereabout.

At the beginning of the trial a motion to suppress all of the seized evidence was made and, in the absence of the jury, the trial judge conducted a full evidentiary hearing. In the course thereof Campbell was offered an opportunity to testify, with all of his rights explained to him and fully protected, but he declined. He offered only one witness, a young woman who was with him when his car was stopped. Her testimony as to the events which occurred was in part, but not altogether, in conflict with the testimony of the officers. At the conclusion of the hearing the trial judge found factually that none of Campbell's constitutional rights had been violated and overruled the motion to suppress. We are in accord.

Findings of fact by the trial court supported by competent evidence are binding on this Court, and here the findings are not only amply supported, but, indeed, it would appear that the clear weight of the evidence was to the effect that Campbell freely consented to a search

of the car; and fully cooperated with the officers at the time, opening both the trunk and the glove compartment for the inspection at their request. Nothing was found in the trunk, and the pistol found in the glove compartment was never offered in evidence or positively connected in any way with the crime. The money bag containing the cigarettes was not the product of a search but was in plain view. The evidence is also clear that Campbell was a prime suspect at the time he was stopped, but, in view of the foregoing, it becomes unnecessary to determine whether there was sufficient probable cause for a search of the automobile without consent or a warrant.

Campbell further contends that his constitutional rights were violated in the following particulars: (a) delay in advising him of his right to remain silent and "other constitutional rights"; (b) delay in appointment of counsel; (c) fingerprinting him without the benefit of counsel being present.

With respect to (c), he was not entitled to counsel. *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149.

With respect to (a) and (b), Campbell has demonstrated neither a violation of his constitutional rights nor does he even suggest any prejudice resulting from such alleged violations.

The exceptions of the appellant being without merit, the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.